## WILLIFORD LUMBER CO. et al. v. MALAKOFF BRICK CO. et al.

### No. 12292.

Court of Civil Appeals of Texas. Dallas.

Jan. 8, 1938.

Rehearing Denied Feb. 5, 1938.

Landman & Landman, of Athens, and Kenneth Krahl, of Houston, for appellants.

Bishop & Parsons, of Athens, for appellees.

BOND, Chief Justice.

Appellees, several in number, as mechanics and materialmen, instituted this suit against Williford Lumber Company, B. B. Walston, Lone Star Building & Loan Association of Houston, Tex., and Mack M. Stover and wife, Bertha Stover, for debt incident to the construction of a residence for the Stovers in the city of Athens, Tex.

The record reveals that Mack M. Stover and wife made and executed a written contract with B. B. Walston for the construction of a residence, Walston agreeing to furnish all labor and material. Before entering into such contract, the Stovers contacted officers of the Lone Star Building & Loan Association, at Houston, Tex., for a loan of $2,750, with which to finance the construction of said residence; and, thereafter, obtained the loan and executed a note in the sum of $2,750, and a deed of trust as security on real estate and the improvements to be placed thereon. The note and deed of trust were made payable to B. B. Walston and assigned to said loan association.

As the work on the residence progressed, the loan association paid, on written orders from Walston and the Stovers, periodical estimates for labor and material which went into the house construction to the amount of said loan, and, after expending the loan, the Stovers secured an additional loan from the Lone Star Building & Loan Association for the sum of $1,500 to complete the undertaking. The second loan papers were also made payable to Walston and assigned to the loan association.

At the time the additional loan for $1,500 was obtained, B. B. Walston and the Stovers were indebted to Williford Lumber Company in the sum of $1,493.67, for lumber, and to the several mechanics and materialmen, appellees herein, for labor and material in the several amounts involved in this suit. The loan company knew of such indebtedness.

In the trial, the plaintiffs contended: (1) That the Lone Star Building & Loan Association was the real contractor for the construction of said house, and that B. B. Walston was its agent, in whose name the said association contracted and incurred the debts involved in the suit; and (2) that the Lone Star Building & Loan Association paid Williford Lumber Company, in trust, the sum of $1,493.67, to be prorated among the unpaid creditors of Walston and the Stovers in proportion to the amount of labor and material each furnished to the contractor for such improvements.

The case having been submitted to the court, without a jury, the trial court, on motion, filed findings of fact, which we adopt as the findings of this court, as follows:

"I. That the defendant Lone Star Building & Loan Association on the 8th day of March, A. D. 1935, entered into a building contract with Mack M. Stover and wife, Bertha Stover, whereby it was agreed that said Lone Star Building & Loan Association should furnish all of the labor and material for, and to construct, erect and complete upon the lands described in plaintiffs' petition, a residence for an agreed consideration of $2,750.00; that evidencing said agreement the said Mack M. Stover and wife executed their note for said amount, and their mechanic's lien on said property and the improvements to be placed

thereon; that in effecting said agreement said note was made payable to the order of the defendant B. B. Walston and said building contract and mechanic's lien was executed in the name of said B. B. Walston, the agent of said Lone Star Building & Loan Association, it being in fact the contractor for the construction of said building operating through and under the name of its said agent B. B. Walston.

"II. That thereafter, on the 23d day of April, 1935, and prior to the beginning of the construction of said residence, the said B. B. Walston assigned to said Lone Star Building & Loan Association said note for $2,750.00 and said building contract and mechanic's lien, the sole and only consideration therefor being the agreement by the said Building & Loan Association to furnish and pay for all of the labor and material entering into the construction of said residence.

"III. That thereafter, on the 5th day of July, 1935, said Lone Star Building & Loan Association, entered into a supplementary building contract with said Mack M. Stover and wife, whereby it was agreed that said Building & Loan Association would furnish additional labor and material to be used in the construction of said building as a supplementary contract and agreement to the former contract entered into by it and for an agreed consideration of $1,500.00; that evidencing said agreement the said Stover and wife executed their note for said sum of $1,500.00 and supplementary mechanic's lien on said property and the improvements thereon. That in effecting said supplementary agreement and contract said note was made payable to the order of said B. B. Walston and said supplementary mechanic's lien was executed in the name of said B. B. Walston acting as the agent of said Lone Star Building & Loan. Association, said Building & Loan Association being in fact the contractor operating through and under the name of its agent as it did in the original contract.

"IV. That thereafter on the same day the said B. B. Walston assigned to said Lone Star Building & Loan Association said note for $1,500.00 and said supplementary building contract and mechanic's lien, the sole and only consideration therefor being the agreement by said Building & Loan Association to furnish and pay for all of such additional labor and material entering into the construction of said residence.

"V. That thereafter, the plaintiffs T. A. Bartlett, Sr., and T. A. Bartlett, Jr., composing the copartnership firm of Malakoff Brick Company, did furnish to said B. B. Walston and Lone Star Building & Loan Association brick which were used in the construction of said building for an agreed sum of $481.00 which said brick were necessary to the construction of said building and the charge of $481.00 therefor being reasonable and necessary and which said sum is due and owing and no part of said sum has ever been paid by either the said B. B. Walston or Lone Star Building & Loan Association.

"VI. That the plaintiff Oil City Iron Works furnished to said B. B. Walston and Lone Star Building & Loan Association material which entered into the construction of said building for the agreed sum of $160.00, which said price was reasonable and which said material was necessary to the construction of said building and which said sum is due and unpaid.

"VII. That the plaintiff J. C. Cherry performed labor and furnished material to said B. B. Walston and Lone Star Building & Loan Association in the construction of said residence in the sum of $290.42, which was necessary to the construction of said building which said sum is due and owing to him and for which he has not been paid.

"VIII. That the plaintiffs T. Margado and I. Margado, composing the firm of Margado Brothers, performed labor on said building for said Lone Star Building & Loan Association and B. B. Walston and for which they have not been paid in the sum of $107.00, which sum is due and owing and which labor was performed at the instance and request of said Lone Star Building & Loan Association and said B. B. Walston at a price agreed upon by them.

"IX. That the plaintiff T. J. Robinson performed labor in the construction of said building under employment by said B. B. Walston and Lone Star Building & Loan Association for which he has not been paid in the sum of $77.20, the same being the agreed compensation which he was to receive for his said labor and which was reasonable and necessary to the construction of said residence.

"X. That said Lone Star Building & Loan Association has only paid for labor and material in the construction of said residence, the sum of $1,728.00, which was paid for labor and material as same were furnished and performed in the construc-

tion of said building, and $1,493.67 which said payment of $1,493.67 was made to Williford Lumber Company to be prorated and paid by it on all of the unpaid claims for labor and material entering into the construction of said residence, including the account owing to said Williford Lumber Company for material furnished in proportion to the amount due and owing said Williford Lumber Company and the plaintiffs herein.

"XI. That the said Williford Lumber Company did not prorate said sum of $1,493.67, but appropriated same to the payment of its claim in full.

"XII. That the amounts which should have been paid to the said Williford Lumber Company and to plaintiffs herein from said $1,493.67 is as follows:

"To Williford Lumber Company the sum of $855.10;

"To T. A. Bartlett, Sr. and T. A. Bartlett, Jr., composing the firm of Malakoff Brick Company, the sum of $275.35;

"To Oil City Iron Works the sum of $91.60;

"To J. C. Cherry the sum of $166.21;

"To T. Margado and I. Margado, composing the firm of Margado Brothers, the sum of $61.21;

"To T. J. Robinson, the sum of $44.20."

Accordingly, the trial court entered judgment against the Lone Star Building & Loan Association for the amounts found to be due to the several named creditors, including Williford Lumber Company, and against the Williford Lumber Company for the trust fund to be prorated and found due to the other named creditors, decreeing the judgment to be credited on payment of such proration. The Lone Star Building & Loan Association and the Williford Lumber Company perfected separate appeals and assigned errors.

The appellant Lone Star Building & Loan Association assigns error to the action of the court in finding that it was the real contractor in the case, thus liable for the above unpaid accounts. This contention is based on two propositions: (1) That the contract, the basis for the mechanic's and materialmen's debts, is in writing; therefore, its terms and conditions cannot be varied, changed, or altered without pertinent allegations in plaintiffs' petition showing "fraud, accident, or mistake" in the procurement or execution of said written agreement; and (2) that the Lone Star

Building & Loan Association is incorporated under the laws of Texas as a lender of money, thus inhibited to become a construction contractor, and if such undertaking was done by its officers or directors, such contract is ultra vires.

The appellant admits that the findings of the court are supported in the record by parol testimony, and the only claim asserted is that such testimony, introduced over its objection, was illegal, having no probative force to change or alter the written contract involved in the suit as to conclude that the Lone Star Building & Loan Association instead of Walston was the real contractor, in the absence of appropriate allegations of fraud, accident, or mistake.

Appellees' petition, pertinent to the question here presented, alleges: "Plaintiffs show to the court that while the defendant B. B. Walston purported to act as contractor with the said Mack M. Stover and Bertha Stover, he was in truth and in fact acting as and for the defendant Lone Star Building & Loan Association, he being a director and agent therefor, and that in fact said mechanic and materialman's lien and the notes therein described and said deeds of trust and notes, as well as the lien therein granted, were in fact made with the said B. B. Walston in trust for the defendant Lone Star Building & Loan Association, and the said defendant Lone Star Building & Loan Association, was in fact the contractor in said instruments above referred to, with defendants Mack M. Stover and wife, Bertha Stover, for said construction work."

On appellants' first proposition, we believe, the rule that parol testimony is not admissible to contradict or vary the terms of a written contract is applicable only as between the parties to such contract. A stranger is not bound by its terms, and may show the real parties and the ultimate terms of the agreement. It is not necessary for a stranger to allege fraud, accident, or mistake in the procurement or execution of the contract to enable him to show who are the true parties thereto, and the terms of the agreement. Vander Stucken v. Willoughby et al., Tex. Civ.App., 242 S.W. 478. So, in this case, the mechanics and materialmen not being parties to the written contract, we think they were privileged to show, by parol testimony, perforce of the above allegations of their petition, that the Lone Star

Building & Loan Association instead of B. B. Walston was the true contractor, and liable to them for the labor performed and material furnished in the construction of said residence.

■ On appellants' second proposition, the Lone Star Building & Loan Association, having entered into a contract with and accepted benefits from Mack M. Stover and wife, evidenced by notes and lien indentures on real estate, is in no position to complain that its contract is ultra vires. It is settled by the great weight of authorities, on sound principles of equity, that where a contract has been entered into between a corporation and another party and the other party has performed the contract and the corporation has received benefits which it otherwise would not have received, it will not be heard to complain that on entering into the contract it exceeded its charter powers. It cannot retain the benefits of an ultra vires contract and refuse to perform its obligation thus made. 10 Texas Jurisprudence 902. So, in the light of the record, we overrule the appellants' contentions.

■■ It is insisted by the appellant Williford Lumber Company that the trial court erred in holding as a matter of fact that the $1,493.67 was paid to it by the Lone Star Building & Loan Association in trust, for the use and benefit of all unpaid mechanics and materialmen to be prorated in proportion to their respective claims. We overrule the contention. Mr. Krahl, agent for the Lone Star Building & Loan Association, testified that the money was paid to said appellant for the express purpose of having same applied on all unpaid claims incident to the construction of the Stover residence. Thus, the trial court's finding that the "payment of $1,493.67 was made to Williford Lumber Company to be prorated and paid by it on all of the unpaid claims for labor and material entering into the construction of said residence, including the account owing to said Williford Lumber Company for material furnished in proportion to the amount due and owing said Williford Lumber Company and the plaintiffs herein," finds support in the evidence. Therefore, the issue having affirmative evidence of sufficient cogency to support the finding, it is the duty of the appellate courts to affirm the fact finding of the trial court. Indeed, the evidence is conflicting, but we are of the opinion that there is sufficient affirmative evidence to sustain the finding of the court.

In accordance with our views hereinabove expressed, the judgment of the court below is affirmed.

Affirmed.